UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23949-BLOOM/Elfenbein

FATIMA DEL CARMEN UGARTE,

    Plaintiff,

v.

FRITANGA MONIMBO FONTAINBLEU, INC.,

    Defendant.
_____/

## ORDER OF DISMISSAL WITH PREJUDICE

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss ("Motion"), ECF No. [6], filed on October 1, 2025. Plaintiff sought additional time to file a Response but failed to do so. *See* ECF Nos. [13], [14]. Therefore, the Court may grant the Motion by default. S.D. Fla. L.R. 7.1(c)(1). The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

Plaintiff filed the instant action on September 2, 2025, alleging one count of age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"). ECF No. [1]. Plaintiff began working for Defendant as a server in 1998. *Id.* ¶ 4. One of Plaintiff's supervisors, Alberto Cuaresma, who is 34, "frequently made derogatory remarks about the older employees, including Plaintiff, who is 61 years old." *Id.* ¶ 6. Cuaresma "would openly state his preference for younger workers and mentioned several times that he intended to fire older employees to make room for younger ones." *Id.* ¶ 7. He would also "make unsettling statements," during staff meetings, in which he "express[ed] his desire to replace all the older employees with younger women." *Id.* ¶ 13. Another supervisor, Luis Gaitan, who is 56,

"explicitly stated that he wanted to 'throw all the old employees to the streets' and hire young girls instead." *Id.* ¶ 14. Plaintiff alleges that, during her employment she "was never granted vacations while her younger colleagues regularly received time off." *Id.* ¶ 11. On one occasion, Plaintiff requested permission to travel to Nicaragua, but Cuaresma "threatened that she would be fired upon her return if she took the trip." *Id.* ¶ 10.

On May 10, 2024, Cuaresma confronted Plaintiff "because she purchased some meat from the restaurant." *Id.* ¶ 16. However, Plaintiff had "done so in the past with no issue." *Id.* ¶ 17. Cuaresma used this "as a pretext to terminate Plaintiff's employment" and Plaintiff "was fired without any further explanation." *Id.* ¶¶ 18-19. Plaintiff subsequently discovered that "her position had been filled by a 28-year-old woman." *Id.* ¶ 20. Plaintiff then "timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations." *Id.* ¶ 21. Plaintiff states she is "a member of a protected class under the ADEA" and that Defendant's conduct constituted discrimination on the basis of Plaintiff's age. *Id.* ¶¶ 23-24.

## II.   LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, a court generally focuses on the complaint itself. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) ("A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss."). Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not impose a requirement of "detailed factual allegations," but it does demand "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive an attack by a Rule 12(b)(6) motion to dismiss, a complaint must therefore contain factual

allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). But a complaint may proceed if it contains "enough factual matter (taken as true) to suggest" the elements of the stated claims. *Twombly*, 550 U.S. at 556.

In evaluating the complaint, a court accepts as true the plaintiff's well-pleaded factual allegations and any reasonable inferences drawn from those facts. *Martins v. Royal Caribbean Cruises Ltd.*, 174 F. Supp. 3d 1345, 1349 (S.D. Fla. 2016) (citing *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). A court need not accept the plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 679. And while a court makes reasonable inferences in the plaintiff's favor, it need not make the same inferences as the plaintiff nor accept "unwarranted deductions of fact." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting *S. Fla. Water Dist. Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).

Although a court primarily considers only facts contained within the four corners of the complaint when ruling on a motion to dismiss, the court may consider additional documents when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

### III.   DISCUSSION

Defendant argues that Plaintiff's discrimination claim under the ADEA is time-barred. ECF No. [6]. "A plaintiff must file a claim under the ADEA within 90 days of receiving notice from the Equal Employment Opportunity Commission (EEOC) of his right to sue." *Makozy v.*

*United Parcel Serv.*, No. 24-13649, 2025 WL 1873311, at *1 n.2 (11th Cir. July 8, 2025) (citing *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 824-25 (11th Cir. 2000) (per curium)). If a defendant contests the timeliness of the complaint, the plaintiff bears the burden of establishing that she met the 90-day requirement. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982)).

Defendant states that, on May 1, 2025, the EEOC issued Plaintiff a Notice of Right to Sue ("Notice"), which was "addressed to Plaintiff and served on her legal representative at the time . . . the same attorney of record in this case, and the same service contact information listed in Plaintiff's Complaint." ECF No. [6] at 2. However, Plaintiff did not file the instant action until September 2, 2025, 124 days after the EEOC issued the Notice and it was "served via e-mail to Defendant's legal representative." ECF No. [6] at 3 n.5. The Notice stated:[1]

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

ECF No. [6-3] at 1.

---

[1] The Court may consider the Notice without converting the Motion into a motion for summary judgment because the Notice is "(1) central to the plaintiff's claim; and (2) undisputed . . . . 'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citation omitted). "A court may also take judicial notice of undisputed facts when ruling on a motion to dismiss." *Henry v. Examworks Inc.,* No. 20-12268, 2021 WL 3440698, at *3 (11th Cir. Aug. 6, 2021) (citing *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)). The Notice is central to Plaintiff's allegation that she exhausted her administrative remedies, and Plaintiff has not challenged the authenticity of the Notice. *Id.* (considering EEOC Notice on motion to dismiss because it was "central" to Plaintiff's "allegation that she had exhausted her administrative remedies" and Plaintiff did not challenge the Notice's authenticity

4

Case No. 25-cv-23949-BLOOM/Elfenbein

The Eleventh Circuit has stated that when the date of receipt of a notice of right to sue is in dispute, the court applies "a presumption of three days for receipt by mail[.]" *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005). Even assuming Plaintiff did not receive the Notice until May 4, 2025, Plaintiff's ADEA claim would still be time-barred. Because Plaintiff's sole claim is time-barred, the Complaint is dismissed with prejudice. *See Ambush v. Carnival Corp.*, No. 23-cv-20021, 2023 WL 12144573, at *4 (S.D. Fla. June 16, 2023) (dismissing Americans with Disabilities Act claim with prejudice because claim was time-barred); *Cabrera-Rodriguez v. Sch. Bd. of Miami-Dade Cnty., Fla.*, No. 12-cv-21388, 2013 WL 1962996, at *2 (S.D. Fla. May 10, 2013) (same).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [6],** is **GRANTED**.
2. The above-styled case is **DISMISSED WITH PREJUDICE**;
3. Each party shall bear its own attorneys' fees and costs;
4. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;
5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 29, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record